JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles Slater and Julia Slater

**(b)** County of Residence of First Listed Plaintiff    Pike
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Weinstein, Zimmerman & Ohliger, Jason Ohliger, Esq., 410 Broad St., Milford, PA 18337 (570) 296-7300

## DEFENDANTS
Medline Industries, Inc.

County of Residence of First Listed Defendant    Cook
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section1332
Brief description of cause:
product liabilty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                                     DOCKET NUMBER

DATE                                  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SLATER and JULIA SLATER, | : | |
| Plaintiffs, | : | No.: |
| vs. | : | |
| MEDLINE INDUSTRIES, INC, | : | COMPLAINT WITH |
| Defendant. | : | JURY DEMAND |

AND NOW COME FORTH PLAINTIFF, CHARLES SLATER and JULIA SLATER, by and through their attorneys, WEINSTEIN, ZIMMERMAN & OHLIGER, and complain of Defendant as follows:

I. The Parties.

1. At all times relevant hereto, Plaintiff CHARLES SLATER was and is an adult individual, *sui juris*, with an address of 111 Miriam Lane, Milford, PA 18337.

2. At all times relevant hereto, Plaintiff JULIA SLATER was and is an adult individual, *sui juris*, with an address of 111 Miriam Lane, Milford, PA 18337.

3. At all times relevant hereto, Defendant MEDLINE INDUSTRIES, INC. ("MEDLINE") was and is an Illinois corporation with a business address at Three Lakes Drive, Northfield, IL 60093.

II. Statement of Jurisdiction.

4. Plaintiffs CHARLES SLATER and JULIA SLATER are citizens of the Commonwealth of Pennsylvania.

5. Defendant MEDLINE is a citizen of the State of Illinois, having its corporate headquarters and "nerve center" at the aforesaid address.

6. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00).

7. This Court has subject matter jurisdiction in this case based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332.

III. Statement of Claim.

8. At all times relevant hereto, Defendant MEDLINE did engage in the design, manufacture, assembly, distribution, promotion, and sales of pharmacy and medical equipment, including but not limited to walker's, marketed and sold under the "MEDLINE" brand.

9. Defendant MEDLINE did design, manufacture, market, sell, and deliver the subject walker.

10. At all times relevant hereto, Defendant MEDLINE did market, sell, and/or deliver its equipment to and within the Commonwealth of Pennsylvania, and did otherwise conduct business within the Commonwealth of Pennsylvania.

11. The aforementioned walker was delivered to, and used by, Plaintiff CHARLES SLATER.

12. On or about June 20, 2017, Plaintiff was utilizing the aforementioned walker at his home in Milford, Pennsylvania.

13. At all times relevant hereto, Plaintiff was using the aforesaid walker in a manner which was intended and/or reasonably foreseeable by Defendant, consistent with the purpose for which it was designed, manufactured, assembled, distributed, promoted and sold/leased by Defendants.

14.   On or about June 20, 2017, in the course of Plaintiff's use of the aforesaid walker, Plaintiff was seriously injured when a component part of the walker broke, causing the walker to collapse and thereby causing Plaintiff to fall.

## COUNT I

### CHARLES SLATER v. MEDLINE INDUSTRIES, INC.

15.   Plaintiff hereby incorporates the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

16.   Defendant MEDLINE, acting by and through their duly authorized agents, servants, and employees, are strictly liable to Plaintiff for his injuries resulting from the walker, which was unreasonably dangerous and defective.

17.   The subject walker was unreasonably dangerous and defective because the walker, as designed, manufactured, sold, and delivered in such a condition that it:

    a.   Failed to provide the required stability of a walker under reasonably foreseeable conditions of use;

    b.   Was not reasonably safe given its intended purpose, its reasonably foreseeable uses, and reasonably foreseeable motions, movements, and actions of the user;

    c.   Was otherwise defective and unreasonably dangerous;

    d.   Was designed to include materials that were of insufficient strength and/or quality;

    e.   Was manufactured using materials that were of insufficient strength and/or quality, or processes which rendered otherwise acceptable materials to be of insufficient strength and/or quality;

  f.  Was designed and/or manufactured in such a manner that it malfunctioned under normal and foreseeable use;

  g.  Was designed and/or manufactured by Defendant without proper research, evaluation, formulation, and testing of the design of the subject walker to ensure its safety;

  h.  Was designed and/or manufactured by Defendant without proper research, evaluation, formulation, and testing of the materials of which the subject walker was made to ensure their safety;

  i.  Was designed and/or manufactured by Defendant without proper research, evaluation, and testing of prototypes and exemplars of the subject walker to ensure that its design, in conjunction with the materials used, was reasonably safe;

  j.  Lacked proper and effective written and/or visual warnings to users regarding safe use of the walker, what activities constitute unsafe use of the walker, and the risk of injury attendant to such unsafe but otherwise reasonably foreseeable operations;

  k.  Lacked accompanying training programs, instructions, and/or written materials necessary to properly instruct and train an operator in the safe use of the walker; and

  l.  Did not advise the operator against, and/or properly and effectively warn the user against certain acts or omissions which may increase the risk of injury while using the walker.

18. Because the subject walker unreasonably dangerous and defective by its design, Defendant MEDLINE is solely, wholly, and strictly liable to Plaintiff for her injuries.

19. The subject walker and its component parts were in a defective condition at the time they left the possession and control of Defendant MEDLINE and were not substantially changed prior to the time of Plaintiff's injury.

20. The design, manufacture, assembly, distribution, promotion, and sales of the subject walker in a dangerous and defective condition caused Plaintiff's injuries.

21. A feasible alternative design for the walker exists, and did exist at the time when the walker was manufactured and sold to Plaintiff's employer.

22. The alternative design, if employed by Defendant MEDLINE, would have rendered the walker reasonably safe and would have prevented the injuries sustained by Plaintiff.

23. Defendant MEDLINE is strictly liable to the Plaintiff.

24. As a result of the aforesaid accident, Plaintiff suffered grievous and severe bodily injuries, and his damages include but are not limited to:

    a. Injuries to his knees;

    b. Past, present, and future pain and suffering;

    c. Past, present, and future mental anguish, emotional distress, inconvenience, and discomfort;

    d. Past, present, and future impairment in performing various activities of daily living;

    e. Past, present, and future embarrassment and humiliation;

    f. Past, present, and future bodily disfigurement;

    g. Past, present, and future medical expenses;

    h. Past, present, and future deprivation and loss of life's pleasures.

COUNT II

<u>CHARLES SLATER v. MEDLINE INDUSTRIES, INC.</u>

25. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

26. Defendant MEDLINE was negligent in failing to exercise reasonable care in the design, testing, manufacture, assembly, distribution, promotion, sale, and delivery of the subject walker and its component parts, and by failing to include proper warnings, notice, or instructions to users and consumers about the dangers, risks, and hazards attendant to use of the subject walker.

27. The carelessness and negligence of Defendant MEDLINE included, but was not limited to, the following acts and/or omissions:

    a. Failing in its design and/or manufacturing of the subject walker, to ensure that it was sufficiently safe and stable under reasonably foreseeable use;

    b. Failing in its design and/or manufacturing of the subject walker, to ensure that it was reasonably safe given its intended purpose, its reasonably foreseeable uses, and reasonably foreseeable motions, movements, and actions of the user;

    c. Failing to ensure that the subject walker was free from defects and otherwise reasonably safe;

    d. Failing to properly research, evaluate, formulate, and test the design of the subject walker to ensure its safety;

    e. Failing to properly research, evaluate, formulate, and test the materials of which the subject walker was made to ensure their safety;

    f. Failing to properly research, evaluate, and test prototypes and exemplars of the subject walker to ensure that its design, in conjunction with the materials

used, was safe;

g. Failing to include proper and effective written and/or visual warnings to users regarding safe use of the walker, what activities constitute unsafe use of the walker, and the risk of injury attendant to such unsafe but otherwise reasonably foreseeable operations;

h. Failing to include proper and effective training programs, instructions, and/or written materials necessary to properly instruct and train an operator in the safe use of the walker;

i. Failing to properly train, instruct, supervise, or otherwise hire and retain individuals and/or entities as employees, agents, servants, and/or third party contractors charged with responsibility for design, engineering, and manufacture of the subject walker and its components, and failing to ensure that such individuals and/or entities were sufficiently knowledgeable and competent to provide such functions and services.

j. Failing to advise the operator against, and/or properly and effectively warning the against certain actions or omissions which may increase of the risk of injury while using the walker.

28. As a direct result of the negligence of Defendant MEDLINE as aforesaid, and by Defendant's otherwise negligent and careless acts and/or omissions, Plaintiff was caused to suffer severe bodily injuries and damages set forth herein.

COUNT III

CHARLES SLATER v. MEDLINE INDUSTRIES, INC..

29. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

30. Defendant MEDLINE expressly and/or impliedly warranted that the walker and its component parts were of merchantable quality and were fit for the purpose and use for which they were intended and could be utilized by the Plaintiff without substantial risk of injury.

31. Said warranties were relied upon in purchasing and using the walker.

32. By reason of their defective condition, the walker and its component parts were not fit for their intended use, nor were of merchantable quality.

33. The defects existed at the time of distribution and sale of the subject walker.

34. Defendants breached said warranties by distributing and selling a defective and dangerous product that was unmerchantable and unfit for the ordinary purpose for which it was intended.

35. Defendants' breach of warranties caused the injuries and damages to Plaintiff, CHARLES SLATER, as set forth above.

## COUNT IV

### JULIA SLATER v. MEDLINE INDUSTRIES, INC..

36. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

37. At all times relevant hereto, Plaintiff JULIA SLATER was and is lawfully married to Plaintiff CHARLES SLATER.

38. As a direct and proximate result of the aforesaid injuries caused by Defendant MEDLINE, Plaintiff JULIA SLATER has suffered a loss of the comfort, companionship, services, and consortium of her husband.

IV. <u>Claim for Relief</u>

WHEREFORE, Plaintiffs CHARLES SLATER and JULIA SLATER request judgment against Defendant MEDLINE INDUSTRIES, INC. as follows, with monetary amounts in excess of seventy-five thousand dollars ($75,000.00):

(a) compensatory damages equal to the amount of the claim;

(b) interest on the award;

(c) court costs; and

(d) all other relief deemed just and proper by the Court.

Respectfully Submitted,

WEINSTEIN, ZIMMERMAN & OHLIGER

Jason R. Ohliger, Esquire
Pennsylvania ID # 201240
410 Broad Street
Milford, Pennsylvania 18337
(570) 296-7300
(570) 296-8600 (fax)
ohliger@wzlawfirm.com
Attorney for Plaintiff